## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BOBBY RAY JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-1221-G** |
| | ) | |
| **STEVEN HARPE,** | ) | |
| **Executive Director,** | ) | |
| | ) | |
| **Respondent.[1]** | ) | |

### ORDER

Petitioner Bobby Ray Jones, a state prisoner appearing pro se, filed this action seeking federal habeas corpus relief under 28 U.S.C. § 2254.  *See* Pet. (Doc. No. 1).  The matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1).

Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 5), recommending that the Petition be dismissed upon preliminary review as an unauthorized second or successive habeas action.  *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.  Petitioner timely filed a written Objection (Doc. No. 10).  Thus, the Court must make a de novo determination of those portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The Executive Director of the Oklahoma Department of Corrections is hereby substituted as Respondent.  *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

I.      *Background*

The factual and procedural background is accurately summarized in the R. & R.
On April 1, 2005, Petitioner was convicted after a jury trial of first-degree murder and
possession of a firearm after former felony conviction in the District Court of Oklahoma
County, Oklahoma.  *See* Pet. at 1; *State v. Jones*, No. CF-2004-132 (Okla. Cnty. Dist.
Ct.).[2]  Petitioner was sentenced to life without the possibility of parole on the murder count
and ten years' imprisonment on the firearm count.  Pet. at 1.

Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals
("OCCA"), which affirmed Petitioner's conviction and sentence on October 4, 2006.  Pet.
at 2; *see also Jones v. State*, No. F-2005-439 (Okla. Crim. App.).  On September 17, 2007,
Petitioner filed a 28 U.S.C. § 2254 habeas petition in this Court challenging the conviction.
*See* Pet. at 2-3; *Jones v. Oklahoma*, No. CIV-07-1030-M (W.D. Okla.).  On July 23, 2008,
this Court denied that petition on its merits.  *See Jones v. Oklahoma*, 567 F. Supp. 2d 1309
(W.D. Okla. 2008).

On May 14, 2018, Petitioner filed an application for postconviction relief in the
state trial court.  Pet. at 3.  The trial court denied the application.  *See id.*; Pet. Ex. 4 (Doc.
No. 1-4).  On appeal, the OCCA affirmed the trial court's disposition.  *See* Pet. Ex. 5 (Doc.
No. 1-5).  Petitioner then filed the instant Petition for Writ of Habeas Corpus Under 28
U.S.C. § 2254 in this Court on December 4, 2020.[3]

---

[2] The state-court dockets are publicly available at http://www.oscn.net.

[3] Petitioner identifies his address as a correctional facility in Pinckneyville, Illinois.  The
Court takes judicial notice of the State's representation in Petitioner's previous habeas
action that "Petitioner is serving his Oklahoma conviction in the State of Illinois . . .

## II.    Discussion

As noted in the R. & R., the instant Petition is a second or successive federal habeas challenge to Petitioner's conviction in Oklahoma County District Court Case No. CF-2004-132.  Pursuant to 28 U.S.C. § 2244(b), "[t]he filing of a second or successive § 2254 application is tightly constrained."  *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013).  "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'"  *Id.* (quoting 28 U.S.C. § 2244(b)(3)(A)).  "Section 2244's gatekeeping requirements are jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition."  *Id.* at 1027 (citing *Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007)); *see also* R. 9, R. Governing § 2254 Cases in U.S. Dist. Cts.

Because the claims now raised by Petitioner "challeng[e] the same conviction" as did Petitioner's 2007 habeas petition, and there is no suggestion in the record that the Tenth Circuit has issued the required authorization, Judge Purcell concluded that the Court lacks jurisdiction to consider the claims.  *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *see* R. & R. at 5; *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.").  In his Objection, Petitioner does not dispute the lack of authorization for this second or successive petition

---

pursuant to an Interstate Compact."  Resp't's Answer (Doc. No. 11) at 1 n.1, *Jones v. Oklahoma*, No. CIV-07-1030-M (W.D. Okla.).

or the R. & R.'s conclusion that this Court lacks jurisdiction, and the Court concurs with these aspects of the R. & R.  *See* Pet'r's Obj. at 4.

Judge Purcell additionally examined Petitioner's claims for relief and concluded that the Petition should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.  *See* R. & R. at 6-8.  Petitioner objects that this matter should instead be transferred to the appellate court for determination of whether the Court is authorized to consider his claims.  *See* Pet'r's Obj. at 1-3 (arguing that transfer is required to permit the Tenth Circuit to consider two new affidavits he seeks to present as evidence of Petitioner's actual innocence pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995)).

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252.  "[F]actors warranting transfer rather than dismissal . . . include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper."  *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (citations and internal quotation marks omitted).  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization."  *In re Cline*, 531 F.3d at 1252.

In his Petition, Petitioner raises substantially the same grounds for relief that he raised in the state-court postconviction proceedings. Liberally construed, Petitioner argues: (1) a May 2017 affidavit obtained from Michael Curnett constitutes newly discovered evidence indicating Petitioner was not the individual who committed the murder underlying his conviction; (2) Petitioner was denied his right to a fundamentally fair trial based on a May 2017 affidavit from Joni Fairchild indicating she was intimidated and threatened by the actual killer, Jacob Brewington, and was therefore unable to testify freely at trial; (3) the State failed to disclose exculpatory evidence of which it was aware regarding the aforementioned witness intimidation; (4) Petitioner received ineffective assistance of trial counsel based on counsel's failure to investigate and discover the witness intimidation; and (5) Petitioner received ineffective assistance of appellate counsel based on his failure to raise the previous ground in his initial appeal and failure to raise an argument based upon an improper jury instruction. *See* Pet. at 5-11; Pet. Ex. 1 (Doc. No. 1-1) at 1-6; Pet. Ex. 2 (Doc. No. 1-2); *see also* R. & R. at 3.

Having completed the requisite de novo review, and considering in particular the affidavits signed by Mr. Curnett and Ms. Fairchild, the Court cannot say there is "no risk" of loss of a meritorious claim if the Petition is dismissed. *In re Cline*, 531 F.3d at 1252; *see* Pet. Ex. 2, at 1-4. On the current record, it is plausible that the Tenth Circuit could conclude Petitioner "'makes a prima facie showing that the application satisfies the requirements of § 2244(b)'"—i.e., that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would

be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." *Case*, 731 F.3d at 1026 (alteration omitted) (quoting 28 U.S.C. § 2244(b)(3)(C); 28 U.S.C. § 2244(b)(2)(B)(i), (ii).  Under such circumstances, it is in the interest of justice for the Court to transfer the Petition to the appellate court to allow that court to determine whether there has been "a sufficient showing of possible merit to warrant a fuller exploration" of the habeas claims.  *Case*, 731 F.3d at 1028 (internal quotation marks omitted); *see also Trujillo*, 465 F.3d at 1223 n.16.

CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 5) is ADOPTED IN PART and DECLINED IN PART.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is transferred to the United States Court of Appeals for the Tenth Circuit, pursuant to 28 U.S.C. §§ 1631 and 2244(b), for a determination of whether the filing of the Petition is authorized.

Petitioner's Motion for Status (Doc. No. 8) is DENIED AS MOOT.

IT IS SO ORDERED this 19th day of March, 2024.

CHARLES B. GOODWIN
United States District Judge